**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 14 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JERRY SERRANO,

       Petitioner - Appellant,

v.

JOSEPH WILLIAMS, Warden,

       Respondent - Appellee.

No. 02-2268

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. 02-0057 BB/WWD)**

---

Brian A. Pori of Rothstein, Donatelli, Hughes, Dahlstrom, Schoenburg & Frye, LLP, Albuquerque, New Mexico, for Petitioner-Appellant.

Patricia Gandert, Assistant Attorney General, (Patricia A. Madrid, Attorney General, with her on the brief) Santa Fe, New Mexico, for Respondent-Appellee.

---

Before **HENRY**, Circuit Judge, **LUCERO**, Circuit Judge, and **FIGA**, District Judge.[*]

---

**FIGA**, District Judge.

---

[*]The Honorable Phillip S. Figa, United States District Judge for the District of Colorado, sitting by designation.

Petitioner Jerry Serrano, a New Mexico state prisoner, appeals from the district court's order dismissing his 28 U.S.C. § 2254 petition for a writ of habeas corpus. The district court determined that Mr. Serrano failed to file his petition within the one-year limitations period provided for in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). We granted a certificate of appealability permitting Mr. Serrano to appeal from the order of dismissal. *See* 28 U.S.C. § 2253(c).

The petitioner's habeas corpus petition alleged various grounds for relief, including a denial of effective assistance of counsel at trial. On appeal, he contends that he is actually innocent of the crimes forming the bases of his convictions and that he had ineffective assistance of counsel. Moreover, he asserts that his petition was timely because either (1) the limitations period was subject to statutory tolling while his post-conviction application for state court relief was pending, or (2) the limitations period was subject to equitable tolling because of his claimed actual innocence and because his inability to afford counsel repeatedly frustrated his otherwise diligent efforts to file his state post-conviction application. The district court did not address the merits of Mr. Serrano's ineffective-assistance claim, and questioned whether Mr. Serrano made an adequate showing of actual innocence. It further rejected Mr. Serrano's statutory-tolling argument, holding that the New Mexico Supreme Court's denial of his petition for certiorari ended the tolling of the limitations period, and ultimately rebuffed his equitable tolling claim on the grounds that he lacked diligence in pursuing relief.

Based upon a review of our precedent, we cannot agree with the district court that Mr. Serrano's habeas corpus petition was untimely under the statutory limitations period. Because Mr. Serrano filed his § 2254 petition within fifteen days of the state supreme court's denial of his petition for certiorari–the time during which he could have moved for rehearing in the supreme court, the limitations period was still tolled on the day he filed his habeas petition. We must therefore reverse and remand for further proceedings.

## I. Background

On July 21, 1986, a New Mexico state jury convicted Mr. Serrano of conspiracy to commit armed robbery, aggravated burglary, criminal sexual penetration, two counts of armed robbery and aggravated assault. The New Mexico Court of Appeals affirmed his convictions on May 28, 1987, and the New Mexico Supreme Court denied his petition for a writ of certiorari on June 30, 1987.

The AEDPA created a one-year limitations period for filing federal habeas corpus petitions, effective April 24, 1996. *See* 28 U.S.C. § 2244(d)(1). Because Mr. Serrano's conviction became final before the AEDPA's effective date, he had until April 24, 1997 to file his § 2254 petition. *See United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) (establishing April 24, 1997 as end of statutory grace period); *United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir. 1997) (creating grace period beginning on April 24, 1996). This one-year period is tolled for the time "during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . . ." 28 U.S.C. §2244(d)(2).

Mr. Serrano filed his petition for a writ of habeas corpus in New Mexico state court on April 21, 1997–three days before the expiration of the AEDPA limitations period.[1] The petition alleged, *inter alia*, denial of due process rights and ineffective assistance of counsel. After a hearing on the petition, the state court denied Mr. Serrano's request for the writ of habeas corpus on November 15, 2001. On December 17, 2001, Mr. Serrano timely petitioned the New Mexico Supreme Court for a writ of certiorari. The court denied his request on January 9, 2002. Mr. Serrano filed his federal habeas corpus petition on January 16, 2002, seven days after the supreme court's ruling.

A United States Magistrate Judge recommended that Mr. Serrano's state post-conviction review be deemed to have tolled the AEDPA limitations period until January 9, 2002, when the supreme court denied his certiorari petition. The magistrate judge concluded that Mr. Serrano was required to file his federal petition by January 12,

---

[1] The AEDPA provides no definition of "properly filed" for tolling purposes. *See Habteselassie v. Novak*, 209 F.3d 1208, 1210 (10th Cir. 2000). According to the Supreme Court, "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). In *Adams v. LeMaster*, 223 F.3d 1177, 1182 (10th Cir. 2000), we noted that "in New Mexico no deadline for filing a state petition exists." *Id.* at n.3. We concluded that proper filing requires "at the very least, receipt by the clerk." *Id.* Based on our decision in that case, Mr. Serrano's state petition was "properly filed" on April 21, 1997. The parties do not dispute when Mr. Serrano's state petition was "properly filed."

2002–the tolling end date plus the three filing days remaining under the original AEDPA period. In his recommendation, the magistrate judge therefore found that Mr. Serrano's petition was not timely filed, and, furthermore, that no grounds existed for equitable tolling of the limitations period. The district court adopted the magistrate judge's recommendation and dismissed Mr. Serrano's petition as untimely.

## II. Standard of Review

We review the district court's dismissal de novo. *See Orange v. Calbone*, 318 F.3d 1167, 1169-70 (10th Cir. 2003), citing *Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir. 2002) ("An order dismissing a habeas application as time-barred by AEDPA is subject to de novo review.").

## III. Statutory Tolling

The AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). The statute itself provides no definition of "pending," but we have determined that the pendency of a post-conviction application must be interpreted under federal law. *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). In our decisions, we have construed the pendency of a state post-conviction application as "encompass[ing] all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies." *Barnett v. LeMaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). In *Gibson*, we further

defined the "pending" period and held that "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." 232 F.3d at 804 (emphasis in original).

On appeal, Mr. Serrano makes three arguments to support his contention that the district court incorrectly found the end of his state petition's "pending" period to be the New Mexico Supreme Court's denial of certiorari on January 9, 2002. We will review each of his arguments, relying on precedent and applying the New Mexico Rules of Appellate Procedure (hereinafter N.M.R. App. P.) where appropriate.

First, Mr. Serrano contends that the finality of the supreme court's decision must be extended by three days pursuant to N.M.R. App. P. 12-308(B) (2002), which provides: "whenever a party is required . . . to do an act within a prescribed period of time after the service of a paper upon the party and the paper is served by mail, three (3) days shall be added to the prescribed period." Mr. Serrano argues that the rule's time computation provisions indicate that the supreme court's decision was not final until January 14, 2002,[2] and thus, that he filed his federal habeas corpus petition with at least one day remaining under the tolled AEDPA limitations period. This argument is without merit.

_____

[2]Mr. Serrano cites provisions now contained in N.M.R. App. P. 12-308(A) (2002), which state that in computing periods of time less than eleven days, the day of the act shall not be included, and intermediate Saturdays, Sundays, and legal holidays are excluded. He argues that since the third day after January 9, 2002 was a Saturday, the finality of the decision should be extended until the following Monday, January 14, 2002.

Mr. Serrano was not required to act or respond in any way after the state supreme court denied his petition for certiorari. He could have moved for rehearing, but the time for such a motion runs from the date of the "filing of the appellate court's disposition," not its service on the parties. *See* N.M.R. App. P. 12-404(A) (2002). Furthermore, the appellate rehearing rule explicitly states as to the fifteen-day filing deadline: "The three (3) day mailing period set forth in Rule 12-308 does not apply to the time limits set by this rule." *Id.*

Next, Mr. Serrano proposes that the supreme court's decision is not final until a mandate issues, which occurs "fifteen (15) days after entry of disposition in the proceedings." N.M.R. App. P. 12-402(B) (2002). This proposition must also fail. Black's Law Dictionary defines "mandate" as "an order from an appellate court directing a lower court to take a specified action." (6th ed. 1990) at 962. Based on this definition, "[o]ne would not expect a mandate to issue from a denial of certiorari . . . as there is no action for the lower court to take once the petition for writ of certiorari is denied." *Rouse v. Lee*, 339 F.3d 238, 244 (4th Cir. 2003). Moreover, the Chief Clerk of the New Mexico Supreme Court confirmed that upon denial of a petition for a writ of certiorari, "it is routine and customary practice for the [supreme court] to issue a final order only; a mandate is not issued."[3] (Gibson Aff. ¶ 2). Thus, Rule 12-402(B)'s extension of finality

---

[3]Kathleen Jo Gibson, Chief Clerk of the New Mexico Supreme Court, issued her affidavit to this court on July 1, 2003, in response to a court order directed to the New Mexico Attorney General inquiring whether the supreme court issued a mandate in

for mandate issuance does not apply to denials of petitions for writs of certiorari by the New Mexico Supreme Court, and Mr. Serrano may not claim that this fifteen-day extension tolled his AEDPA limitations period.

Lastly, Mr. Serrano argues that New Mexico procedural rules allow him fifteen days from the supreme court's denial of certiorari to file a motion for rehearing, and that his AEDPA limitations period should remain tolled for these fifteen days. We agree. As noted *supra,* in *Gibson,* we explicitly held that "the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." 232 F.3d at 804 (emphasis in original). Our decision in *Gibson* also clearly stands for the proposition that any time allotted by the state for appeals will toll the limitations period "regardless of whether a petitioner actually appeals a denial of a post-conviction application." *Id.* Rule 12-404(A) states, "[a] motion for rehearing may be filed within fifteen . . . days after filing of the appellate court's decision." New Mexico law and rules of appellate procedure do not preclude the filing of a motion for rehearing with its Supreme Court to reconsider the denial of a certiorari writ. Thus, Mr. Serrano's AEDPA limitations period would be tolled by fifteen days, even though he did not pursue an appeal.

Other circuits have similarly noted that time allowed for appeals tolls the AEDPA limitations period, including the time for filing a motion for rehearing, even if no such filing is made. *See, e.g., Jones v. Nagle*, 349 F.3d 1305, 1308 (11th Cir. 2003); *Williams*

connection with its denial of Mr. Serrano's petition for certiorari.

-8-

*v. Bruton*, 299 F.3d 981, 983-84 (8th Cir. 2002); *Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000). Our decision in *Garcia v. Shanks*, 351 F.3d 468 (10th Cir. 2003), does not alter our holding in this case. The petitioner in *Garcia* argued that equitable tolling, a prison mailbox rule, or a notice rule should apply to his untimely filing of a § 2254 petition. *Id.* at 471. He did not raise, and we did not address, the issue of statutory tolling during the rehearing period.

Respondent-Appellee urges that the procedures for rehearing contained in Rule 12-404(A) do not apply to writs of certiorari; rather, he argues N.M.R. App. P. 12-501 governs certiorari and contains no provision for rehearing. Under this construction, petitioners may not appeal denials of certiorari. However, the New Mexico Supreme Court has found otherwise.[4] In *Hayes v. Reeves*, 571 P.2d 1177 (N.M. 1977), the court wrote: "[T]he present rules provide for motions for rehearing if timely filed after a decision of this Court. A denial of a petition for certiorari is a decision within the meaning of the rule." *Id.* at 1178. This language establishes that Rule 12-404, and its allotment of fifteen days to move for rehearing, applies to denials of certiorari by the New Mexico Supreme Court.

---

[4]Analyzing New Mexico Supreme Court decisions and procedures in this area is not inconsistent with our practice of interpreting "pending" as a matter of federal law. "Although the interpretation of the term 'pending' is a matter of federal law, our definition does require some inquiry into relevant state procedural laws." *Gibson*, 232 F.3d at 806.

The language in Rule 12-404(C) is not contrary to our holding and the application of Rule 12-404(A) to Mr. Serrano's situation. The Rule states: "The granting of a motion for rehearing shall have the effect of suspending the decision or opinion of the court until final determination by the appellate court." One could interpret this language as indicating that unless the supreme court grants a motion for rehearing, its decision would be considered final (and the tolling period would thus end) on the original date it denied certiorari. Not only does this interpretation contradict the reasoning in *Gibson*, but it would place habeas corpus petitioners in a state of procedural limbo and ultimately undermine the purposes of the AEDPA.

Under such an interpretation, a petitioner with three AEDPA days remaining to file his federal habeas petition after the supreme court's denial of certiorari must file within those three days, even if he chooses to later move for rehearing within the allotted time. If he files federally after three days but within the fifteen-day grace period, and the supreme court ultimately denies his motion for rehearing, his petition would be dismissed as untimely unless he can demonstrate the "rare and exceptional circumstances" that warrant equitable tolling. *Gibson*, 232 F.3d at 808 (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). On the other hand, if he files within the three days, and the supreme court subsequently grants his timely motion for rehearing, the district court will dismiss his federal petition because his state post-conviction review is not yet final. *See Gibson*, 232 F.3d at 804 (citing *Mills v. Norris*, 187 F.3d 881, 884 (8th Cir. 1999)).

Because this approach requires petitioners to file state motions for rehearing to potentially toll their limitations period, and ultimately may deprive them of the full fifteen-day tolling grace period, it runs contrary to our holding in *Gibson*. Furthermore, as Mr. Serrano contends on appeal, federal filing to procedurally beat the clock defeats the AEDPA's objective of state remedy exhaustion by discouraging petitioners from fully utilizing state appeal procedures.[5] Petitioners would be faced with the choice between directly filing a federal habeas corpus petition within the AEDPA time limit, or attempting to extend this limit by filing a state motion for rehearing that may result in either the forfeiture or dismissal of the federal petition. In this situation, petitioners will understandably turn directly to federal relief, and the state rehearing remedy will go unexhausted. Therefore, we reject a reading of N.M.R. App. P. 12-404(C) that fails to recognize the fifteen-day period for filing a rehearing motion as a tolling period.

---

[5]While a petitioner may contemplate filing a rehearing motion with the state supreme court, careful consideration may cause him or her ultimately to decline to do so. To complicate such consideration with initiating a companion federal filing under time pressure would create added issues distracting the petitioner, contrary to purposes behind the AEDPA of carefully evaluating state procedures and exhausting state remedies before proceeding to seek federal habeas relief. The AEDPA contemplates that a relief-seeking petitioner proceed seriatim down these two post-conviction tracks, not simultaneously. Our holding, therefore, is consistent with the statement in *Carey v. Saffold*, 536 U.S. 214, 220 (2002) "[t]he exhaustion requirement serves the AEDPA's goal of prompting 'comity, finality and federalism'," quoting *Williams v. Taylor*, 529 U.S. 420, 436 (2000). *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (stating that full state court exhaustion avoids "the 'unseemliness' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance").

Based on our precedent , New Mexico law and the N.M.R. App. P., we conclude that Mr. Serrano's AEDPA limitations period should have been tolled for the fifteen days during which he could have filed a motion for rehearing with the New Mexico Supreme Court.  He had until January 24, 2002, to file his habeas petition before expiration of the statutory period, and we therefore find that his federal petition for habeas corpus was timely filed on January 16, 2002.  Because our decision regarding the statutory timeliness of Mr. Serrano's filing is itself enough to warrant remand of the case to the district court for further consideration of his federal habeas corpus petition, we need not reach an analysis of Mr. Serrano's equitable tolling claim.

We REVERSE the judgment below and REMAND for further proceedings consistent with this opinion.