**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICKY RENA ALEXANDER,

      Petitioner-Appellant,

v.

MIKE ADDISON, Warden,

      Respondent-Appellee.

No. 05-6062
(D.C. No. CIV-04-1703-M)
(W.D. Okla.)

**ORDER**[*]

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

Petitioner-Appellant Ricky Alexander, a prisoner appearing *pro se*, filed a

28 U.S.C. § 2254 petition in federal district court, challenging his 1990 jury

convictions of robbery with a dangerous weapon and attempted kidnaping. The

district court dismissed Mr. Alexander's petition pursuant to § 2244(d)(1) on the

ground that it was time-barred. The court subsequently denied Mr. Alexander's

request for a Certificate of Appealability (COA). We deny Mr. Alexander's

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order is not binding precedent, except under the doctrines of law of the case, res
judicata, and collateral estoppel.

request that this court grant his motion for a COA to challenge the district court's dismissal of his habeas corpus petition.

## I. DISCUSSION

Where, as here, "the district court denies a habeas petition on procedural grounds . . ., a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added). The district court judge adopted the report and recommendation of the magistrate judge, which provided a well-reasoned conclusion that Mr. Alexander's petition was time-barred. Because we agree with the magistrate judge's conclusion and find the district court's procedural ruling was therefore undebatably correct, we deny Mr. Alexander's motion for a COA.

As a general rule, the one-year period of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) runs from the date a judgment of conviction became final. See 28 U.S.C. § 2244(d)(1)(A). Because on February 2, 1994 the state appellate court affirmed Mr. Alexander's convictions on direct review, those convictions became final on May 2, 1994. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001) (indicating conviction becomes final upon

expiration of period within which petitioner can file a petition for writ of certiorari with the United States Supreme Court). However, because Mr. Alexander's convictions became final before the effective date of AEDPA—April 24, 1996, see 28 U.S.C. § 2244—he had one year from that date to file his petition; that is, he had until April 24, 1997. Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Mr. Alexander filed his petition on December 15, 2004. The district court therefore properly ruled that his petition was untimely unless statutory or equitable tolling principles apply. We agree that they do not.

The tolling provision of § 2244(d)(2) for time spent in state post-conviction proceedings does not apply where, as here, a petitioner does not file his applications for post-conviction relief until after the end of the applicable one-year grace period. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). The extended statute of limitations in § 2244(d)(1)(C) applies only if "the constitutional right asserted . . . has been newly recognized by the Supreme Court *and* made retroactively applicable to cases on *collateral review*." The magistrate judge liberally construed Mr. Alexander's *pro se* petition as relying on Blakely v. Washington, 542 U.S. 296 (2004) to invoke § 2244(d)(1)(C)'s provision for newly recognized constitutional rights.[1] But Blakely was inapplicable to Mr.

---

[1] Specifically, Mr. Alexander's petition alleged that the trial court's order to run his two 500-year sentences consecutively constituted an exceptional

(continued...)

Alexander's criminal case because, for purposes of §§ 2254 and 2255 habeas petitions, "Blakely does not apply retroactively to convictions that were already final at the time the Court decided Blakely, June 24, 2004." United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005), cert. denied 2005 WL 3144122 (2005). Mr. Alexander's convictions were final long before that date. The magistrate judge therefore correctly concluded that Blakely was inapplicable to Mr. Alexander's criminal case and, consequently, did not entitle him to invoke § 2244(d)(1)(C).[2]

Equitable tolling also does not apply. We agree with magistrate judge's conclusion that Mr. Alexander has "shown neither due diligence in pursuing his claims nor 'extraordinary circumstances' which prevented him from preparing and filing his habeas petition by April 24, 1997." See Serrano v. Williams, 383 F.3d 1181, 1186 (10th Cir. 2004) (directing that equitable tolling applies only in "rare and exceptional circumstances") (quotations omitted).

## II. CONCLUSION

---

[1](...continued)
enhancement in violation of his constitutional rights as set forth in Blakely.

[2] Furthermore, for the reasons given by the magistrate judge, we seriously doubt whether Mr. Alexander's two 500-year sentences, to run consecutively, required any factfinding by the court. Without such judicial factfinding, Blakely would be inapplicable even if that decision applied retroactively for purposes of collateral review.

Because Mr. Alexander filed his federal habeas petition after the one-year grace period and neither statutory nor equitable tolling applies, we find the district court's procedural ruling that Mr. Alexander's § 2254 petition was time-barred undebatably correct. We therefore DENY his request for a COA and DISMISS his appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge