**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILLIAM RAY PRATT,

 Petitioner-Appellant,

v.

MIKE MULLIN, Warden,

 Respondent-Appellee.

No. 05-6008
(D.C. No. 04-CV-1070-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

 Petitioner-appellant William Ray Pratt, a prisoner of the State of Oklahoma,

appeals from the dismissal of his petition for a writ of habeas corpus filed under

28 U.S.C. § 2254 as untimely under the Antiterrorism and Effective Death Penalty

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Act of 1996 (AEDPA).  See 28 U.S.C. § 2244(d)(1).  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we reverse and remand for further proceedings.

## I.  Background

An Oklahoma state jury convicted petitioner of six counts of first degree rape by instrumentation and one count of sexual abuse of a child.  On October 15, 2002, the Oklahoma Court of Criminal Appeals (OCCA) affirmed petitioner's convictions with the exception of one count of rape, which the court reversed and remanded with instructions to dismiss.  Petitioner did not seek a writ of certiorari from the United States Supreme Court to appeal his convictions.  Rather, on November 10, 2003, petitioner filed a pro se application for post-conviction relief in the state district court, which ordered the application stricken on November 14, 2003, because it exceeded the page limit established by a local court rule. R., Doc. 7, Ex. 3.  On November 25, 2003, petitioner filed a motion in the state district court for permission to exceed the established page limit.  While that motion was pending, petitioner mailed a second petition for post-conviction relief to the state district court, which was file-stamped January 5, 2004.  On January 8, 2004, the state district court denied petitioner's motion to exceed the established page limit with respect to the first state petition.  The court denied the second petition on June 29, 2004, and the OCCA affirmed that denial on August 10,

2004.  Petitioner received notice of the OCCA decision via the prison mail system on August 19, 2004.

On August 20, 2004, petitioner, still acting pro se, signed and delivered his federal habeas petition to prison officials.  In the petition, petitioner sought relief based on alleged violations of due process and ineffective assistance of trial and appellate counsel.  The petition was filed in the district court on August 30, 2004, and assigned to a magistrate judge for consideration.  See 28 U.S.C. § 636.  The magistrate judge did not reach the merits of the petition, however, finding it was filed one day late.

The magistrate judge reviewed the law that governs the application of AEDPA's one-year limitations period.  R., Doc. 14, at 3-4.  Because petitioner did not seek review in the Supreme Court, the magistrate judge determined that the one-year period for petitioner to file his federal habeas petition began on January 14, 2003, one day after the ninety-day period for seeking certiorari expired.  Id. at 3.  Therefore, absent either statutory or equitable tolling, petitioner had until January 14, 2004, to file his federal habeas petition.  Id. at 4. The magistrate judge determined that the time during which petitioner's second application for state post-conviction relief was pending should be tolled under 28 U.S.C. § 2244(d)(2).  That period ran from the date of the filing of the application on January 5, 2004, through the date of the OCCA's order affirming

the denial of relief, August 10, 2004. See id. at 5. The magistrate judge did not toll the time for petitioner's first application, however, because it was not properly filed within the meaning of § 2244(d)(2). Based on the statutory period tolled, the magistrate judge determined that petitioner had until August 19, 2004, to file his federal petition. In light of the federal prison mailbox rule, see Houston v. Lack, 487 U.S. 266, 270 (1988), the magistrate judge found that petitioner filed his habeas petition when he presented it for mailing on August 20, 2004, but that it was one day late. The magistrate judge declined to apply the doctrine of equitable tolling to excuse petitioner's untimely filing.

The district court adopted the magistrate judge's recommendation and dismissed petitioner's habeas petition as untimely. R., Doc. 16. The district court granted petitioner a certificate of appealability (COA), however, based on the magistrate judge's observation that we have not addressed the extent to which a petitioner's delay in seeking state post-conviction relief should affect the application of equitable tolling. Id., Doc. 23, at 2. We appointed counsel for petitioner, who filed a brief on his behalf.

## II. Analysis

We review de novo the district court's dismissal of a habeas petition as time-barred under AEDPA. Serrano v. Williams, 383 F.3d 1181, 1184 (10th Cir. 2004). We now determine that it is unnecessary to consider the issue of equitable

-4-

tolling or petitioner's specific arguments on appeal, and enlarge the COA to include the issue of statutory tolling, as it appears that the magistrate judge miscalculated the number of days within the properly tolled period and petitioner's habeas petition was therefore timely filed.

"The AEDPA provides that '[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation" under the AEDPA. Id. (quoting § 2244(d)(2)). We have "construed the pendency of a state post-conviction application as 'encompass[ing] all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies.'" Id. (quoting Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999)). We count 219 days during the tolled period from January 5 through August 10, 2004–2004 was a leap year, and thus February had 29 days instead of 28 and resulted in an additional day tolled. Adding this time to the initial deadline of January 14, 2004, see Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999), we calculate a revised deadline of August 20, 2004–the day petitioner gave his habeas petition to prison officials for mailing. Under the prison mailbox rule, the petition was timely and the district court should not have dismissed it.

The certificate of appealability is enlarged to include the issue of statutory tolling.  The judgment of the district court is REVERSED, and the case is REMANDED for additional proceedings.

Entered for the Court


Mary Beck Briscoe
Circuit Judge