**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 2, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAVID B. SIMMONS,

        Petitioner-Appellant,

v.

L. E. BRUCE, Warden, Hutchinson
Correctional Facility; ATTORNEY
GENERAL OF THE STATE OF
KANSAS,

        Respondents-Appellees.

No. 05-3379
(D.C. No. 03-CV-3302-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

David B. Simmons, a Kansas state prisoner proceeding pro se, appeals the

district court's dismissal of his 28 U.S.C. § 2254 petition for habeas relief. The

district court determined that Mr. Simmons failed to file his habeas petition

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

within the applicable one-year statute of limitations, 28 U.S.C. § 2244(d)(1), and alternatively, that Mr. Simmons's claims were procedurally defaulted. Thereafter, the district court declined to issue Mr. Simmons a certificate of appealability (COA), but it granted him leave to proceed on appeal in forma pauperis. Mr. Simmons then filed in this court an application for a COA, asserting that his habeas petition was not time-barred and his claims were not procedurally defaulted. This court granted Mr. Simmons a COA to consider these two issues. *See* 28 U.S.C. § 2253(c).

Our jurisdiction arises under 28 U.S.C. §§ 1291 and 2253(a). We review de novo the district court's dismissal of a federal habeas petition as time-barred. *Serrano v. Williams*, 383 F.3d 1181, 1184 (10th Cir. 2004). We likewise review de novo the district court's dismissal of a federal habeas petition based on procedural default. *Anderson v. Attorney Gen. of Kan.*, 342 F.3d 1140, 1143 (10th Cir. 2003). Because Mr. Simmons is pro se, we construe his pleadings liberally. *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

In a December 12, 2005, motion to supplement his opening brief, Mr. Simmons asserts for the first time on appeal that the district court erred by not tolling the applicable one-year statute of limitations during the twenty-day period in which he could have filed a motion for rehearing from the Kansas Supreme Court's June 1, 2001, decision affirming the denial of a post-conviction

motion. *Serrano*, 383 F.3d at 1185 (holding time allotted by the state for filing motion for rehearing tolls limitation period); Kan. Sup. Ct. R. 7.06 ("A motion for rehearing . . . may be served and filed within twenty (20) days of the date of decision."). Mr. Simmons never made this argument in the district court. *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 722 (10th Cir. 1993) ("[I]ssues not passed upon below will not be considered on appeal); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (stating that § 2244(d) is not jurisdictional). But even if he had made the argument, we would still hold–having carefully considered the briefs, the record, and the applicable law–that he procedurally defaulted his claims. We therefore AFFIRM the judgment of the district court for substantially the same reasons stated in its order dated September 27, 2005. R. Doc. 29. Mr. Simmons's December 12, 2005, motion is GRANTED. All other outstanding motions are DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge