**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 29, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY SERRANO,

        Plaintiff–Appellant,

v.

JOSEPH WILLIAMS, Warden,

        Defendant–Appellee.

No. 07-2019

(D.C. No. CIV-02-57 BB/RLP)

(D.N.M.)

**ORDER**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Petitioner, a state prisoner represented by counsel, seeks a certificate of appealability to appeal the district court's denial of his § 2254 habeas petition. To obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). In order to meet this burden, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Following a state jury trial, Petitioner was found guilty of aggravated burglary, criminal sexual penetration, aggravated assault in disguise, conspiracy to commit armed robbery, and two counts of armed robbery. His sentence was affirmed on direct appeal, and he was denied relief in state collateral proceedings. Petitioner then filed the instant § 2254 habeas petition, which was initially dismissed by the district court as time barred. On appeal, this court determined that the petition was timely and therefore remanded the case to the district court for further proceedings. *Serrano v. Williams*, 383 F.3d 1181 (10th Cir. 2004).

In his habeas petition, Petitioner claimed that (1) he received ineffective assistance of counsel at trial, (2) his confrontation clause rights were violated, (3) prosecutorial misconduct occurred prior to and during his trial, and (4) he received multiple punishments for unitary conduct in violation of the double jeopardy clause. On remand, the magistrate judge recommended that the petition be dismissed. Specifically, the magistrate judge concluded that (1) Petitioner failed to demonstrate ineffective assistance of counsel under the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), (2) Petitioner failed to provide any facts supporting the confrontation clause issue, (3) Petitioner failed to demonstrate that any prosecutorial misconduct occurred, and (4) no double jeopardy violation occurred because each statutory provision required proof of an element that the others did not and because Petitioner's conduct involved two victims and was not unitary. After considering Petitioner's objections to these

conclusions and conducting a de novo review of the record, the district court adopted the magistrate judge's supplemental report and recommendation and dismissed the case.

We have carefully reviewed Petitioner's brief, the magistrate judge's initial and supplemental report and recommendation, the district court's disposition, and the record on appeal. Nothing in these materials raises an issue which meets our standard for the grant of a certificate of appealability. For substantially the reasons set forth by the magistrate judge and adopted by the district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge