FILED
United States Court of Appeals
Tenth Circuit

September 28, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL LEE MAYS,

      Petitioner - Appellant,

v.

STATE OF KANSAS; J. SHELTON;
STEPHEN SIX, Kansas Attorney
General, WYANDOTTE COUNTY
COURTHOUSE,

      Respondents - Appellees.

No. 09-3177
(D.C. No. 5:09-CV-03059-SAC)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant Daniel Lee Mays, a state inmate appearing pro se,

seeks a certificate of appealability ("COA") allowing him to appeal the denial of

his petition for a writ of habeas corpus, 28 U.S.C. § 2254. The district court

dismissed the action as untimely under the one-year limitation period contained in

28 U.S.C. § 2244(d)(1). Mays v. Kansas, No. 09-3059-SAC, 2009 WL 1587124,

at *1 (D. Kan. June 5, 2009); Mays v. Kansas, No. 09-3059-SAC, 2009 WL

1033739, at *2 (D. Kan. Apr. 17, 2009). Because the district court's conclusion

that Mr. Mays' claims are time-barred is not reasonably debatable, we deny his

request for a COA and dismiss the appeal.

Mr. Mays was charged with theft in 1985 (Case No. 85 CR 0340) and released on bond pending trial. Mays, 2009 WL 1033739, at *1. While on bond, Mr. Mays committed other crimes and was subsequently charged with robbery and aggravated robbery (Case No. 85 CR 0579). Id. He pled guilty to the theft charge and was found guilty on the two robbery charges. R. Doc. 5 at 1. He was sentenced in both cases on September 6, 1985 by a panel of three judges, referred to as a "three judge probation board." R. Doc. 1, Ex. 1 at 32. Although there initially appeared to be some confusion as to the appropriate sentence, the ultimate sentence pronounced by this tribunal was 1 to 5 years for the theft charge and 5 to 20 years on the robbery charges to run consecutively to the sentence on the theft charge. Id.

The Kansas Supreme Court affirmed Mr. Mays' robbery convictions and sentence on June 12, 1987 (Case No. 85 CR 0579). State v. Mays, 761 P.2d 1254 (Table) (No. 59,895) (Kan. June 12, 1987) (unpublished). On direct appeal, Mr. Mays did not challenge the designation that the sentences in the two cases be served consecutively. He did not file a direct appeal in the theft case (Case No. 85 CR 0340). On January 16, 2007, Mr. Mays filed a Motion to Correct Illegal Sentence pursuant to Kan. Stat. Ann. § 22-3504, alleging "newly discovered" evidence that the court erred in imposing consecutive sentences in the two cases. R. Doc. 1, Ex. 1 at 18. The state district court denied the motion. R. Doc. 1, Ex.

1 at 27.   The Kansas Court of Appeals dismissed Mr. Mays' appeal, and the Kansas Supreme Court denied review.  R. Doc. 1, Ex. 1 at 29, 30.

On April 22, 2008, during the pendency of his state court appeal, he filed a petition for habeas relief under 28 U.S.C. § 2254, challenging his sentence in the theft case.  The district court dismissed his application without prejudice for failure to exhaust state court remedies.  Mays v. Kansas, 2008 WL 2435561, at *3 (D. Kan. June 12, 2008).   The district court also noted that Mr. Mays' claims appeared to be time-barred.  Id. at n.6.  On March 12, 2009, after exhausting state court remedies, Mr. Mays filed another petition for habeas relief under 28 U.S.C. § 2254, again challenging his sentence in the theft case.  R. Doc. 1.  Essentially, he alleges that 1985 sentences should be concurrent instead of consecutive.  R. Doc. 1 at 5-9.  Without addressing Mr. Mays' constitutional claims, the district court dismissed his application as time-barred.  Mays v. Kansas, No. 09-3059-SAC, 2009 WL 1587124, at *1 (D. Kan. June 5, 2009).

In order for this court to grant a COA, Mr. Mays must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  On appeal, Mr. Mays argues that the sentencing panel's alteration of his sentence as initially pronounced was unconstitutional and an ex post facto violation.  Aplt. Br. at 1-3.  Mr. Mays also raises double jeopardy, although he did not raise this below.  Aplt. Br. at 3.  Finally, Mr. Mays argues that the district court's dismissal of his application as time-barred denies him access to the courts and violates due

process. Aplt. Br. at 3-4.

Where, as here, the district court's denial of habeas relief is based on a procedural ground, Mr. Mays must show that "jurists of reason would find it debatable (1) whether the district court was correct in its procedural ruling," and (2)" whether the petition stated a valid claim of the denial of a constitutional right." Davis v. Roberts, 425 F.3d 830, 834 (10th Cir. 2005) (quoting Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). If he cannot make a threshold showing on the procedural issue, we need not address the constitutional issues. Id.

28 U.S.C. § 2244(d)(1), enacted on April 24, 1996, provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." This limitation period usually commences on "the date on which the judgment became final by . . . the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). However, a state prisoner whose conviction became final on or before the effective date of § 2244(d)(1), *i.e.* April 24, 1996, must file his § 2254 petition on or before April 24, 1997. See Serrano v. Williams, 383 F.3d 1181, 1183 (10th Cir. 2004). Mr. May's sentencing for these crimes occurred in 1985. He did not file an appeal in the theft case, and his convictions and sentence in the robbery case were affirmed in 1987. Accordingly, Mr. Mays had until April 24, 1997 to file his § 2254 petition in both the theft and robbery cases. He did not file until March 12, 2009, well past the deadline.

The running of the limitations period is tolled during the pendency of any post-conviction or other collateral proceeding filed during the one-year limitations period.  See Serrano, 383 F. 3d at 1183.  A petition for post-conviction relief filed in state court after the limitations period has expired will not toll it. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).  Thus, Mr. Mays' 2007 application for state post-conviction relief fails to toll the limitations period.

In addition, the limitations period may be equitably tolled "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  United States v. Gabaldon, 522 F.3d 1121, 1124 (10th  Cir. 2005) (quoting Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted)).  Equitable tolling is only

> 'appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct — or other uncontrollable circumstances — prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.  Simple excusable neglect is not sufficient. Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law . . . is not enough to support equitable tolling.'

Id. (quoting Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)).  Mr. Mays has the burden of demonstrating that equitable tolling should apply.   See Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008).   We agree with the district court that Mr. Mays' claims for equitable tolling are unavailing.

Mr. Mays apparently asserts four grounds for equitable tolling. First, Mr. Mays asserts that the sentencing issue is a new issue that could not have been raised on direct appeal because he was unaware of it. R. Doc. 1, Ex. 1 at 4; R. Doc. 6 at 9. Even if Mr. Mays was unable to review the record of his sentencing, he was present during the events that give rise to his claim, undermining his claim that the issue is new. Second, Mr. Mays states that "the courthouse" kept documents and records from him and prevented him from making filings. R. Doc. 6 at 8-9. He does not present any evidence to support these assertions. While Mr. Mays does provide a 2007 letter stating that transcripts from his criminal cases could not be located, this does not show his diligence in pursuing his claim during the relevant time period, *i.e.*, from April 24, 1996 to April 24, 1997. R. Doc. 1, Ex. 1 at 28. Third, Mr. Mays claims that because Kansas law permits sentencing errors affecting constitutional rights to be raised at any time, his federal habeas claim likewise can be raised at any time. R. Doc. 1, Ex. 1 at 12-13; R. Doc. 6 at 7-8. Contrary to this assertion, the Kansas statute does not extend the time limitation for filing federal claims. See Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003) (noting that "§ 2244(d) will sometimes force a state prisoner to act expeditiously to preserve his federal claims despite the procedural lenience of state law, which may forgive substantial delay"). Finally, Mr. Mays repeatedly argues that "he is factual innocence of sentence." See, e.g., R. Doc. 6 at 6. While evidence of actual innocence may support equitable tolling,

- 6 -

Gabaldon, 522 F.3d at 1124 n.2, Mr. Mays does not dispute his guilt.  Rather, he merely objects to his sentence.  Accordingly, the district court's conclusion that no extraordinary circumstances warrant equitable tolling is not reasonably debatable.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge