FILED
United States Court of Appeals
Tenth Circuit

May 26, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CLAY ALEXANDER

      Petitioner-Appellant,

v.

ARISTEDES W. ZAVARAS, in his
official capacity as Executive Director of
Colorado Department of Corrections;
THE ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondent-Appellee.

No. 10-1206
(D.C. No. 1:09-CV-02826-ZLW)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **EBEL** and **LUCERO**, Circuit Judges.

---

Clay Alexander, a pro se Colorado state prisoner convicted of one count of

aggravated robbery, seeks a certificate of appealability (COA) to challenge the district

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

court's denial of his application for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. He also requests leave to proceed on appeal in forma pauperis (IFP). We grant IFP status. But exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we conclude, like the district court, that Alexander's petition is untimely. Accordingly, we deny his request for a COA and dismiss the appeal.

## BACKGROUND

Alexander pled guilty in Colorado state court to one count of aggravated robbery. There was no dispute that Alexander possessed only a toy gun during the robbery to which he pled guilty. On January 9, 2004, the state court sentenced Alexander to fourteen years' imprisonment. He did not file a direct appeal. On December 28, 2009, Alexander filed his application for a writ of habeas corpus asserting eight claims for relief. The district court denied the application, concluding that the action was time barred. Alexander now appeals that order.

## DISCUSSION

"An order dismissing a habeas application as time-barred by [the Antiterrorism and Effective Death Penalty Act (AEDPA)] is subject to de novo review." Serrano v. Williams, 383 F.3d 1181, 1184 (10th Cir. 2004). To obtain a COA, a petitioner challenging a criminal conviction under § 2254 must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner can accomplish this task by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

2

presented were adequate to deserve encouragement to proceed further." Slack v.

McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). When the

district court denies a petition on procedural grounds, as in this case, the standard is

further refined, requiring a petitioner to show that reasonable jurists could debate whether

(1) the petition states a valid claim of the denial of a constitutional right and (2) the

district court's procedural ruling was correct. Id.

We deny a COA because the district court's procedural ruling that Alexander's

claim was time-barred is not reasonably debatable. Under AEDPA, "[a] 1-year period of

limitation . . . appl[ies] to an application for a writ of habeas corpus by a person in

custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In this case,

Alexander's judgment of conviction became final on February 23, 2004, the day when

the time for filing a direct appeal expired. Therefore, the limitation period began to run

on February 24, 2004. We agree with the district court that Alexander's motion to amend

the mittimus filed on September 13, 2004, tolled the limitation period for two days until

an amended mittimus was issued on September 14, 2004. Thus, Alexander should have

filed his petition by February 28, 2005.[1] He did not.

In his brief to this Court, Alexander argues that the limitation period should be

tolled based on his claim of actual innocence. Alexander quotes the following language

---

[1] While the limitation period was only tolled for two days, February 26, 2005, fell on a
Saturday. Therefore, the limitation period did not expire until Monday, February 28,
2005. See Fed. R. Civ. P. 6(a)(1)(C).

from Miller v. Marr: "There may be circumstances where the limitation period at least raises serious constitutional questions and possibly renders the habeas remedy inadequate and ineffective." (Pet. B. at 11 (quoting Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)).) But Alexander does little beyond reciting that quotation to explain his argument. We find Alexander's equitable tolling argument unavailing for two reasons. First, Miller v. Marr involved a petitioner who made an equitable tolling argument based on his lack of access to legal materials, not a claim of actual innocence, such as the one advanced by Alexander in this Court. Id. at 977. Second, Alexander fails to support his allegations of actual innocence with any evidence, let alone new, reliable evidence that would show "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 324 (1995). Thus, we conclude, like the district court, that Alexander's petition is time barred by AEDPA.

## CONCLUSION

For the foregoing reasons, we GRANT IFP status, but DENY a COA and DISMISS the appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

4