**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 27, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

MARCUS D. FORD,

    Petitioner - Appellant,

v.

JANET DOWLING,

    Respondent - Appellee.

No. 22-6138
(D.C. No. 5:22-CV-00341-HE)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

Marcus D. Ford appeals pro se[1] from the dismissal of his 28 U.S.C. § 2254 habeas application. The district court dismissed the application as untimely but granted a certificate of appealability (COA). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Ford's pro se pleadings but do not advocate on his behalf. *See Childers v. Crow*, 1 F.4th 792, 798 n.3 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 2718 (2022).

I

In 1998, Ford pleaded guilty in an Oklahoma court to first-degree murder and larceny of a motor vehicle.  He was sentenced to consecutive terms of life in prison without the possibility of parole and twenty years, respectively, and did not appeal.[2]

Twenty-two years later, on July 9, 2020, the Supreme Court held in *McGirt v. Oklahoma*, 140 S. Ct. 2452, 2459-60, 2482 (2020), that Congress did not disestablish the lands in Oklahoma reserved for the Creek Nation and those lands remain Indian country for purposes of exclusive federal jurisdiction under the Federal Major Crimes Act, 18 U.S.C. § 1153(a).  Based on *McGirt*, Ford sought postconviction relief in state court, arguing that Oklahoma lacked jurisdiction to prosecute him.  The state district court denied postconviction relief, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed.  The OCCA relied on its decision in *State ex rel. Matloff v. Wallace*, which held that *McGirt* announced a new procedural rule that does not operate retroactively to invalidate state convictions that were final before *McGirt*, *see* 497 P.3d 686, 688 (Okla. Crim. App.), *cert. denied sub nom. Parish v. Oklahoma*, 142 S. Ct. 757 (2022).

Ford then filed his § 2254 application and a brief in support, claiming that, under *McGirt*, Oklahoma lacked jurisdiction to prosecute him because his crimes occurred in Indian country and he is partly Native American.  *See* R. at 8, 45, 51.

---

[2] We take judicial notice of documents from Ford's state postconviction proceedings.  *See Pacheco v. El Habti*, ___ F.4th ___, 2023 WL 2576457, at *2 n.2 (10th Cir. 2022).

2

A magistrate judge recommended that the § 2254 application be dismissed as untimely, reasoning that it was not filed within one year of the date on which his convictions became final and *McGirt* did not extend the limitations period.[3] The district court adopted the recommendation, dismissed the application, and granted a COA.

II

We review de novo the district court's dismissal based on timeliness, *see Serrano v. Williams*, 383 F.3d 1181, 1184 (10th Cir. 2004), and consider only those arguments that Ford has adequately presented in his opening brief, *see Fairchild v. Trammell*, 784 F.3d 702, 723-24 (10th Cir. 2015).

Under 28 U.S.C. § 2244(d)(1), Ford had one year to file his § 2254 application, "run[ning] from the latest of" four dates:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3] The magistrate judge also determined: 1) the limitations period should not be tolled during the pendency of Ford's state postconviction proceedings, *see* 28 U.S.C. § 2244(d)(2); 2) there was no basis for equitable tolling; and 3) Ford offered no allegations or evidence that he was actually innocent. Ford did not raise these issues in his § 2254 application, nor did he address them in his objections to the magistrate judge's report and recommendation. Moreover, he does not address them in his opening brief on appeal, and therefore, we do not consider them. *See Fairchild v. Trammell*, 784 F.3d 702, 723-24 (10th Cir. 2015) (recognizing inadequate briefing can result in waiver).

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)-(D).

In adopting the magistrate judge's report and recommendation, the district court determined Ford's convictions became final on June 1, 1998, and, under § 2244(d)(1)(A), the one-year limitations period expired on June 1, 1999. Ford filed his § 2254 application almost 23 years later, on April 25, 2022, so it was untimely under § 2244(d)(1)(A). The district court also determined that Ford appeared to invoke § 2244(d)(1)(C) and (D) but neither subsection applied. Subsection (C) was inapplicable, the court ruled, because *McGirt* did not announce a new constitutional rule, and subsection (D) was inapplicable because Ford offered no new, undiscoverable factual evidence to support his claim.

On appeal, most of Ford's brief maintains that Oklahoma lacked authority to prosecute and convict him. But these arguments do not address the district court's grounds for dismissal—that the § 2254 application was untimely. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to tell us why the district court's decision was wrong. Recitation of a tale of apparent injustice may assist in that task, but it cannot substitute for legal

argument."); *see also id.* at 1369-70 (affirming dismissal of claims where appellant's arguments failed to explain how the district court erred).

Ford does suggest, however, that the limitation period should not accrue until the date *McGirt* issued, July 9, 2020. *See* Aplt. Br. at 2 ("The date of awareness that the Judgment was known to all to be void was recent[,] July 9, 2020[,] McGirt vs. Oklahoma[]."). To the extent this argument challenges the district court's ruling that the application was untimely under § 2244(d)(1)(C) and (D), the argument fails. Section 2244(d)(1)(C) is inapplicable because "*McGirt* announced no new constitutional right. It self-professedly resolved a question of statutory interpretation . . . to determine that the federal government . . . has never" disestablished the Creek Reservation. *Pacheco v. El Habti*, ___ F.4th ___, 2023 WL 2576457, at *8 (10th Cir. 2022) (internal quotation marks omitted). Thus, Ford cannot rely on § 2244(d)(1)(C).

Likewise, § 2244(d)(1)(D) is inapplicable because nothing in *McGirt* can be said to reveal a new factual predicate for Ford's claim. Notwithstanding Oklahoma's "historical prosecutorial practice of asserting jurisdiction over Indians in state court, even for serious crimes on the contested lands," *McGirt*, 140 S. Ct. at 2470, the factual basis for Ford's claim—that Congress did not disestablish the Creek Reservation—could have been discovered with due diligence by consulting "Acts of Congress," *id.* at 2462. Indeed, we recognized the factual predicate for the claim in 2017. *See Murphy v. Royal*, 875 F.3d 896, 966 (10th Cir. 2017). And with due diligence, Ford might have raised the issue sooner. *Cf. Prost v. Anderson*, 636 F.3d 578, 580, 588-89 (10th Cir. 2011) (recognizing nothing prevented a habeas petitioner

from raising a question of statutory interpretation before the Supreme Court resolved the issue in a different case). Thus, § 2244(d)(1)(D) is unavailing as well.

Accordingly, the judgment of the district court is affirmed.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge