F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PHILLIP THOME,

Petitioner - Appellant,

v.

RAY ROBERTS, Warden, El Dorado
Correctional Facility; ATTORNEY
GENERAL OF KANSAS,

Respondents - Appellees.

No. 05-3367
(D. Ct. No. 05-CV-3099-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before, **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner-Appellant Phillip Thome, a state prisoner appearing pro se, filed this

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders ; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

petition for a writ of habeas corpus under 28 U.S.C. § 2254. Concluding that the petition was filed after the statute of limitations had expired and that Mr. Thome did not make a substantial showing of the denial of a constitutional right, the District Court dismissed the petition and denied Mr. Thome a certificate of appealability ("COA"). We take jurisdiction under 28 U.S.C. §§ 1291 and 2253(c)(1), deny Mr. Thome's request for a COA, and dismiss the appeal.

## I. BACKGROUND

In 1998, after a jury trial in the Osage County District Court in Lyndon, Kansas, Mr. Thome was convicted of attempted second degree murder and sentenced to 316 months' imprisonment. His conviction became final for habeas purposes on September 11, 2000, ninety days after the Kansas Supreme Court declined to hear his appeal.[1] At that point, he had already filed a petition with the Osage County District Court for post-conviction relief pursuant to Kan. Stat. Ann. § 60-1507. That court summarily denied his petition on October 23, 2000. He did not appeal that ruling. Mr. Thome filed a second petition for state post-conviction relief on April 8, 2002, which, after appointment of counsel and an evidentiary hearing, was also denied. Mr. Thome unsuccessfully appealed

---

[1]Under 28 U.S.C. § 2244(d)(1)(A), a conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such rule," and Supreme Court Rule 13.1 permits a party to file a petition for a writ of certiorari in the Supreme Court of the United States within ninety days after the state court of last resort enters its judgment. *See also Romo v. Oklahoma Dept. of Corr.*, 216 F.3d 1202 (10th Cir. 2000) (applying § 2244(d)(1)(A)).

the ruling to the Kansas Court of Appeals, and then to the Kansas Supreme Court, which denied review on September 14, 2004. Mr. Thome then filed this § 2254 petition in the United States District Court for the District of Kansas on February 15, 2005, arguing that he received ineffective assistance of counsel at trial. The District Court dismissed the petition as time-barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d), and also concluded that Mr. Thome's substantive claims were without merit. The court then denied Mr. Thome's later motion for a COA. Mr. Thome now seeks a COA from this Court.

## II. DISCUSSION

Mr. Thome has no absolute entitlement to appeal the District Court's denial of his petition. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). Instead, before we may entertain the merits of Mr. Thome's petition, our jurisdiction is limited to the question of whether a COA should be issued. *See* 28 U.S.C. §2253(c)(1). We may issue a COA only if Mr. Thome "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, because the District Court denied his habeas petition on procedural grounds, Mr. Thome must also demonstrate "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If we determine that Mr. Thome fails to show that the procedural ruling is debatable among jurists of reason,

we need not reach the substantive claims. *Id.* at 485.

We review de novo the District Court's dismissal of a habeas petition as time-barred. *See Orange v. Calbone*, 318 F.3d 1167, 1169–70 (10th Cir. 2003) (citing *Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir. 2002)). Under 28 U.S.C. § 2244(d)(1), Mr. Thome's petition for federal habeas corpus relief is subject to a one-year statute of limitations which runs from the date that the judgment of his conviction became final—in this case, September 11, 2000. The statute, however, is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). The AEDPA limitations period may also be subject to equitable tolling "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Taking into consideration both statutory and equitable tolling, the District Court concluded that Mr. Thome's federal petition was filed twenty-four days late. To reach this conclusion, the court first determined that the AEDPA limitations period was statutorily tolled during the pendency of his first petition for state post-conviction relief, *see* 28 U.S.C. § 2244(d)(1)–(2), and that it began running on November 23, 2000.[2] Mr. Thome argued, however, that he was entitled to equitable tolling until August 16, 2001,

---

[2]We note that it is unclear whether the District Court correctly determined that the AEDPA limitations period was statutorily tolled until November 23, 2000. Because any error appears to be made in Mr. Thome's favor, we do not address the issue.

the date on which he first learned that his petition was denied. The District Court assumed without deciding that Mr. Thome was entitled to equitable tolling because even assuming as much, his § 2254 petition was still untimely. Specifically, the District Court calculated that from August 16, 2001 to April 8, 2002, the date on which he filed his second state petition, 235 days elapsed and that the filing of the second state petition tolled the limitations period again with 130 days remaining. *See* 28 U.S.C. § 2254(d)(2). The District Court determined that the limitations period began running again on September 14, 2004, the day the Kansas Supreme Court denied review. Mr. Thome filed his § 2254 petition in federal court 154 days later, on February 15, 2005. As such, the court concluded, Mr. Thome's petition was twenty-four days late.

Mr. Thome argues that the District Court erred in determining that the AEDPA limitations period began running again on September 14, 2004, the day the Kansas Supreme Court denied review on his second petition for state post-conviction relief. He contends that the District Court should have started the clock running again thirty days later because during that period he could have filed a motion for rehearing. To this end, he cites our decision in *Serrano v. Williams*, where we explained that the AEDPA limitations period "is tolled during the period in which the petitioner *could have* sought an appeal under state law." 383 F.3d 1181, 1185 (10th Cir. 2004) (quoting *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000)). We applied this rule in *Serrano* and held that the limitations period was tolled for the fifteen days after the New Mexico Supreme

Court's denial of certiorari, during which the petitioner could have sought rehearing pursuant to a New Mexico procedural rule. *Id.* (citing Rule 12-404(A) NMRA 2002).

Mr. Thome is correct that Kansas has an analogous procedural rule. He is incorrect, however, in contending that it is thirty days. Rule 7.06 of the Kansas Rules of Appellate Procedure provide that such motions must be filed within twenty days of the date of the decision. If the statute of limitations was statutorily tolled as Mr. Thome advocates, his § 2254 petition would still be four days late. As such, Mr. Thome has not shown that the timeliness of his petition is debatable among jurists of reason.[3]

### III. CONCLUSION

Because Mr. Thome has failed to show that the District Court's procedural ruling is debatable among jurists of reason, we DENY Mr. Thome's request for a COA and DISMISS the appeal.

---

[3]Although we need not reach the merits of Mr. Thome's substantive claims in this case, we note that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2254(c). Most of Mr. Thome's claims of ineffective assistance of counsel were adjudicated in his petition for state post-conviction relief. The District Court concluded, and we agree, that a review of the Kansas Court of Appeals' opinion reveals that the court correctly applied the performance and prejudice prongs of *Strickland v. Washington*, 466 U.S. 668 (1984), and referred to evidence in the record which reasonably supported its factual findings. *See Thome v. State*, 2004 WL 944024 (Kan. App. 2004). As to those claims raised for the first time in his § 2254 petition, the District Court concluded that Mr. Thome failed to support them with sufficient facts and legal authority. Mr. Thome does not contend that the District Court erred in that determination or otherwise discuss those issues in his COA. Accordingly, those issues are waived. *Tran v. Trs. of State Colls. in Colo.*, 355 F.3d 1263, 1266 (10th Cir.2004).

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge