**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CALVIN MILLS,

      Petitioner – Appellant,

v.

DAVID R. MCKUNE, Warden,
Lansing Correctional Facility; and
PHIL KLINE, Attorney General of
Kansas,

      Respondents– Appellees.

No. 06-3120
(D.C. No. 05-CV-3371-SAC)
(D. Kan.)

---

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Calvin Mills, a state prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. For substantially the same reasons set forth by the district court, we **DENY** a COA and **DISMISS**.

Mills was convicted in 1999 of rape, aggravated criminal sodomy and taking aggravated indecent liberties with a child. He appealed, but his conviction was affirmed and the Kansas Supreme Court finally denied a petition for review on September 24, 2002. Mills then filed a petition for state post-conviction relief

on March 18, 2003, which was denied by the Kansas Supreme Court on September 20, 2004.

On September 10, 2005, Mills filed a federal habeas petition. Rejecting his argument that the statute of limitations should be equitably tolled, the district court dismissed the petition as time-barred. It also denied his petition for a COA. Having failed to secure a COA from that court, Mills now seeks a COA from this court.[1]

The statute of limitations for applications for a writ of habeas corpus is set forth in 28 U.S.C. § 2244(d). It states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Mills' petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Mills to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Mills a COA, he may not appeal the district court's decision absent a grant of COA by this court.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Mills had ninety days after the Kansas Supreme Court denied review to file a petition for a writ of certiorari to the Supreme Court. As he did not, the statute of limitations began running on December 24, 2002. Locke v. Saffle, 237 F.3d 1269, 1272 (10th Cir. 2001). Eighty-three days passed before he filed his petition for state post-conviction relief. Three hundred fifty-five days passed between the date the Kansas Supreme Court finally denied his petition for state post-conviction relief and the date he filed his federal habeas petition. When taken together, the two periods exceed the one-year statute of limitation by seventy-three days.

Mills raises three arguments why his petition should not be time-barred. Under Kansas Supreme Court Rule 7.06, a party has twenty days from the date the Kansas Supreme Court issues a decision to file a petition for rehearing. As such,

Mills argues that the statute of limitations should have been stayed for twenty days after the date the Kansas Supreme Court issued its order ending his direct criminal appeal and for another twenty days after its final decision on his petition for post-conviction relief. He is partially right and partially wrong. The date the conviction became final was properly calculated by the district court; it began to run ninety days after the Kansas Supreme Court denied review because Mills could have filed a petition for a writ of certiorari to the United States Supreme Court during this period. The twenty days to file a petition for rehearing before the Kansas Supreme Court were subsumed during this ninety day period.

Mills is right that the statute of limitations for his federal habeas petition should have been tolled for twenty days after the Kansas Supreme Court denied his petition for state post-conviction relief. See Serrano v. Williams, 383 F.3d 1181, 1185 (10th Cir. 2004). This, however, does not change the fact that his petition is time-barred.

Mills also argues that the limitations period should have been equitably tolled. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Mills claims that equitable tolling should be applied because the Kansas Appellate Defender Office misled him by telling him that he the limitations period would be tolled for ninety days following the final denial of

his petition post-conviction relief. The letter from the Kansas Appellate Defender Office to which Mills refers, however, is a general letter that accurately describes the law, even if it does not specifically analyze the statute of limitations with regards to Mills' case. Further, attorney error generally does not give rise to equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999). Finally, Mills cannot establish that he diligently pursued his claims. As such, equitable tolling is not applicable.

Lastly, Mills claims that the statute of limitations contained in § 2244(d) is unconstitutional. He does not provide any reason why § 2244(d) is unconstitutional and, as such, this challenge fails.

For the reasons set forth above, Mills' request for a COA is **DENIED** and the appeal is **DISMISSED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge
