FILED
United States Court of Appeals
Tenth Circuit

October 1, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JASON A. FULTON,

        Petitioner-Appellant,

v.

DAVID R. McKUNE, Warden,
Lansing Correctional Facility,

        Respondent-Appellee.

No. 07-3056
(D. Kansas)
(D.C. No. 05-CV-3486-SAC)

**ORDER**

Before **KELLY**, **MURPHY,** and **O'BRIEN**, Circuit Judges.

Petitioner, Jason Fulton, seeks a certificate of appealability ("COA") from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Because Fulton has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

After a Kansas jury trial, Fulton was convicted of felony murder, conspiracy to possess cocaine, and attempted possession of cocaine. *State v. Fulton*, 9 P.3d 18, 20 (Kan. 2000). His convictions were affirmed on direct

appeal. *Id*. at 28. Fulton then filed a motion pursuant to Kan. Stat. Ann. § 60-1507, seeking state post-conviction relief. The motion was denied by the state district court and the Kansas Court of Appeals affirmed the denial. *Fulton v. State*, 110 P.3d 1053 (Kan. Ct. App. 2005) (unpublished disposition). The Kansas Supreme Court denied review on September 22, 2005.

Fulton filed the instant § 2254 habeas application on December 29, 2005, raising allegations (1) the trial court committed multiple errors including failing to grant his motion for a mistrial and failing to give an accomplice witness instruction, (2) his rights under the Confrontation Clause were violated by an ex parte communication between the trial court and a juror, and (3) the crime of attempted possession of cocaine cannot be used to support a felony murder conviction. Respondent moved to dismiss Fulton's § 2254 application, arguing it was untimely because it was not filed within the one-year statute of limitations applicable to federal habeas corpus petitions filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The district court granted Respondent's motion and dismissed Fulton's habeas petition as untimely. Fulton then filed a Rule 59(e) motion, challenging the district court's determination his convictions became final on October 19, 2000, when the time for seeking a writ of certiorari in the United States Supreme Court from the decision of the Kansas Supreme Court expired. Fulton argued his conviction did not become final until November 13, 2000, because, *inter alia*, under Kansas Supreme Court Rule 7.06 he had twenty

-2-

days to file a petition for rehearing after the Kansas Supreme Court affirmed his conviction and that twenty-day period should be added to the ninety days he had to file a petition for a writ of certiorari in the United States Supreme Court. The district court considered Fulton's arguments but concluded the Kansas Supreme Court Rule does not delay the start of the ninety-day period unless a petition for rehearing is actually filed. *Cf. Mills v. McKune*, 186 Fed. App'x 828, 830-31 (10th Cir. 2006) (unpublished disposition).

To be entitled to a COA, Fulton must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted); *see also Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). In evaluating whether Fulton has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El* at 338. Although Fulton need not demonstrate his appeal will

succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Fulton's appellate brief and application for COA, the district court's orders, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Fulton is not entitled to a COA. The district court's resolution of Fulton's habeas petition is not reasonably subject to debate and his claims are not adequate to deserve further proceedings.[1] Accordingly, Fulton has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Fulton's request for a COA and **dismisses** this appeal.

Entered for the Court

Elisabeth A. Shumaker, Clerk

---

[1]In his application for a COA, Fulton asserts that the one-year statute of limitations should be equitably tolled. This assertion was not made in the district court and this court does not consider issues raised for the first time on appeal. *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999).