FILED
United States Court of Appeals
Tenth Circuit

October 17, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRENT B. GOLDEN,

      Petitioner - Appellant,

v.

RICK FORD,

      Respondent - Appellee.

No. 13-6173
(D.C. No. 5:13-CV-00395-M)
(W.D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **O'BRIEN** and **GORSUCH**, Circuit Judges.

      Brent Golden applied for relief under 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma. The magistrate judge issued a report and recommendation concluding that the petition should be dismissed as untimely. The district court adopted the magistrate judge's recommendation and dismissed the application. Mr. Golden seeks a certificate of appealability (COA) from this court. *See* 28 U.S.C. §2253(c)(1)(A) (requiring COA to appeal denial of relief under § 2254). We deny his motion to proceed *in forma pauperis*, deny the application for a COA, and dismiss the appeal.

A jury in Oklahoma state court convicted Mr. Golden of distribution of a controlled dangerous substance. On February 14, 2011, judgment was entered imposing a sentence of 20 years. Mr. Golden did not appeal but filed an application under § 2254, which was dismissed on July 1, 2011, for failure to exhaust state remedies. He filed an application for state postconviction relief on May 2, 2011. The state court denied the application and the Oklahoma Court of Criminal Appeals (OCCA) affirmed on August 30, 2011. Mr. Golden filed a state postconviction application for an appeal out of time on September 14, 2011. The court denied his application and the OCCA affirmed on March 1, 2012. On January 30, 2012, he also filed a motion for sentence modification, which was denied by the state court on February 3, 2012.

On March 9, 2012, Mr. Golden filed a petition for a writ of habeas corpus with the OCCA, but it declined jurisdiction because he had not first sought relief in state district court. He then filed a "Motion for False Imprisonment, False Arrest, Malicious Prosecution" on April 10, 2012, in state district court; it was denied on May 2, 2012. R., Vol. 1 at 130. He filed a petition in error with the OCCA on June 5, 2012, but the OCCA declined jurisdiction because the petition was untimely. He filed his present § 2254 application on April 22, 2013.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional

2

right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Applications under § 2254 are subject to a one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). The statute provides several alternative starting dates for the limitations period. The only one applicable here is the date when Mr. Golden's judgment became final. *See id.* § 2244(d)(1)(A). That date was February 24, 2011, when Mr. Golden could no longer file an appeal. *See* Okla. R. Crim. App. 2.5 (ten-day time limit for criminal appeals).

AEDPA tolls the limitations period, however, while a properly filed application for state postconviction or other collateral review is pending. *See* 28 U.S.C. § 2244(d)(2). Under that provision, Mr. Golden is at most entitled to 121 days of tolling while his May 2, 2011 application for state postconviction relief was pending; 170 days while his September 14, 2011 state postconviction claim was pending; and 23 days while his April 10, 2012 motion was pending.

Mr. Golden is not entitled to tolling during the time his initial § 2254 application was pending because applications for federal relief do not toll the limitations period. *See Duncan v. Walker,* 533 U.S. 167, 181–82 (2001). He is also not entitled to additional

3

tolling for the period his January 30, 2012, motion for sentence modification was pending or the time in which he could have properly appealed the motion's denial because that period was already tolled by his September 14, 2011, state postconviction application. S*ee Mills v. McKune*, 186 F. App'x 828, 830–31 (10th Cir. 2006) (denying additional statutory tolling for days subsumed by another tolling period). And he is not entitled to tolling for the time covered by his petitions to the OCCA on March 9, 2012, and June 5, 2012, that were dismissed for lack of jurisdiction. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (application for state postconviction review must comply with rules prescribing, for example, "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee," to satisfy the "properly filed" requirement for tolling under § 2244(d)(2) (italics, footnote, and internal quotation marks omitted)). He may, however, be entitled to 10 days of tolling for the time in which he could have properly filed an appeal with the OCCA after the state district court denied his April 10, 2012 motion. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (limitations period is tolled during the period in which a petitioner could have sought an appeal under state law); Okla. R. Crim. App. 5.2(C)(1) (10-day time limit for filing notice of appeal).

In total, then, Mr. Golden is entitled to at most 324 days of tolling, which would extend the time he could have filed his § 2254 application from February 24, 2012, to January 14, 2013. But he did not file his application until April 22, 2013, more than three months after his limitations period had expired.

The district court made essentially the same computation for the limitations period and Mr. Golden does not challenge that computation in this court nor does he argue for equitable tolling. Reasonable jurists could not debate the district court's determination that Mr. Golden's application was untimely.

We DENY the motion to proceed *in forma pauperis*, DENY the application for a COA, and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

5